IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE E. RAY,                    :    CIVIL ACTION
                                  :    NO. 08-1807
         Plaintiff,               :
                                  :
         v.                       :
                                  :
FEDERAL INS. CO./CHUBB,           :
                                  :
         Defendant.               :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          DECEMBER 18, 2008

I.   BACKGROUND

         Plaintiff George E. Ray ("Ray") filed this pro se
complaint against Defendant Federal Insurance Company/CHUBB
("Federal"), alleging that, during the years 2004 through 2007,
Federal employed "deceptive and fraudulent business practices,"
made "false representations," and committed perjury, forgery and
mail fraud.  (Complaint ¶ 1, doc. no. 5.)  It appears that Ray is
complaining of Federal's conduct in denying his claim for total
disability benefits and of its conduct in the ensuing litigation,
which was ruled upon by this Court on May 10, 2007.[1]  See Ray v.
Federal Ins. Co., et al., No. 05-2507, 2007 WL 1377645, at *1
(E.D. Pa. May 10, 2007) ("Ray I").

---

[1]      Ray argues that "[t]he Complaint on file is for Fed.'s
actions from 2004 to 2007, not my physical condition or a link,
is or is not, established between my preexisting condition and my
Total Disability.  This Claim is totally different and specific
to Fed.'s actions."  (Pl.'s Reply to Def.'s Mtn. to Dismiss, doc.
no. 8.)

In his earlier complaint, Ray averred that Federal breached its insurance contract with him by not providing him with total disability benefits after he fell down a flight of stairs.[2]  Ray, 2007 WL 1377645 at *1.  Federal defended itself by pointing to specific evidence that Ray's disability was caused, at least in part, by his preexisting degenerative medical condition (spondylotic cervical myelopathy).  Id. at *4.  Federal argued that it did not breach its contract with Ray because the contract provided coverage only for "accidents" that are the "direct" cause of the disability, and specifically excluded from coverage disabilities resulting from disease or illness.  Id. at *1.

The earlier litigation also addressed Ray's claims that Federal "lied to the Pennsylvania Insurance Commission" and "that Federal and its counsel engaged in several acts of misconduct, most notably lying to Ray and to this Court."  Id. at *2.  The Court considered these claims in conjunction with Ray's motion for sanctions against Federal, which generally averred "that Federal 'lied,' 'falsified evidence,' and violated the Court imposed deadlines for producing discovery and filing certain motions."  Id. at *2 n.2.

---

[2]     Familiarity with the complex procedural history and underlying facts of Ray I is assumed.  See Ray I, supra.  The details will be restated here only to the extent necessary to decide the instant motion to dismiss.

After an exhaustive review of the record, this Court denied Ray's motion for sanctions and granted summary judgment to Federal.  In doing so, the Court noted that "what should have been a simple case involving the 'cause' of Ray's disability turned into an eighteen-month ordeal that explored tangential paths, sapped the time and energy of all parties (including the Court) involved, and resulted in unsubstantiated finger-pointing and allegations of wrongdoing."  Id. at *3.

On December 5, 2007, the Court of Appeals affirmed summary judgment on behalf of Federal, noting that its decision was based on "substantially the same reasons set forth in the District Court's detailed opinion."  Ray v. Federal Ins. Co./CHUBB, 256 Fed. Appx. 566, 567 (3d Cir. 2007).  The Court of Appeals also explicitly affirmed this Court's denial of Ray's motion for sanctions.  Id. at 569 n.1 ("Ray also contends that Federal engaged in fraud or misrepresentation in denying his claim.  To the extent that Ray continues to raise the issue in this appeal, we deny the claim as it is unsupported by the record.  Relatedly, we also affirm the District Court's denial of Ray's motion for sanctions.")  Ray's petition for a rehearing en banc by the Court of Appeals was denied on February 4, 2008. (Def.'s Mtn. to Dismiss, Ex. C, doc. no. 7.)  Later, Ray's

Petition for a Writ of Certiorari to the Supreme Court was also
denied.  (<u>Id.</u>, Ex. D.)

Now, Federal has filed a motion to dismiss Ray's second
complaint against it for failure to state a claim upon which
relief could be granted.  For the reasons that follow, Federal's
motion will be granted.[3]


II.  LEGAL STANDARD

A.  <u>Motion to Dismiss under Rule 12(b)(6)</u>

In deciding a motion to dismiss for failure to state a
claim upon which relief can be granted, the Court must "accept as
true all allegations in the complaint and all reasonable
inferences that can be drawn therefrom, and view them in the
light most favorable to the non-moving party."  <u>DeBenedictis v.</u>
<u>Merrill Lynch & Co., Inc.</u>, 492 F.3d 209, 216 (3d Cir. 2007)
(quotation omitted).  The Court need not, however, "credit either
bald assertions or legal conclusions in a complaint when deciding
a motion to dismiss."  <u>Id.</u> (quotation omitted).  Viewing the
complaint in this manner, the Court must dismiss the complaint if
it fails to state a claim upon which relief can be granted.

In conducting its analysis, the Court must "liberally
construe" pleadings by pro se litigants.  <u>Dluhos v. Strasberg</u>,

---

[3]     Consequentially, Ray's pending motion for summary
judgment (doc. no. 10) will be denied as moot.

321 F.3d 365, 369 (3d Cir. 2003).  Moreover, the Court must afford a pro se Plaintiff the opportunity to amend his complaint before dismissing it pursuant to Rule 12(b)(6), unless such an amendment would be futile.  See Roman v. Jeffes, 904 F.2d 192, 196 n.8 (3d Cir. 1990) ("This court has a long standing policy of allowing pro se litigants to amend their complaints before the court rules upon defendants' motions to dismiss pursuant to Federal Rule of Civil procedure 12(b)(6)."))

III. DISCUSSION

    A.   Claim Preclusion

    It is well settled that, while res judicata and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Connelly Found. v. School Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972).  Under the doctrine of claim preclusion (or res judicata),[4] a final judgment on the merits precludes parties from

---

    [4]    In an effort to be consistent with the approach of the Third Circuit, this opinion uses the term "claim preclusion" to refer to the traditional doctrine of res judicata.  The term "issue preclusion" is used to refer to the traditional doctrine of collateral estoppel.  See United States v. Athlone Indus., Inc., 746 F.2d 977, 983 n.4 (3d Cir. 1984) (equating claim preclusion with res judicata or "the preclusive effect of a judgment in foreclosing relitigation of the same causes of action" and equating issue preclusion with collateral estoppel or "the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided").

re-litigating issues that were raised, or could have been raised, in the earlier action, thereby allowing the Court to "avoid piecemeal litigation of claims arising from the same events." Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999) (discussing the purpose of claim preclusion); see also Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990) (noting that claim preclusion bars the re-litigation of issues that "could have been raised" in a prior action).  Claim preclusion applies where (1) there is a final judgment on the merits, (2) the party against whom the bar is asserted is the same, and (3) the later suit is based on the same cause of action as the earlier suit.  See United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984).

       While there is no precise definition of what constitutes "the same cause of action," the Third Circuit has observed that it is appropriate for courts to consider (1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same.  See Athlone, 746 F.2d at 984.  Importantly, "it is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions." Sheridan v. NGK Metals Corp., No. 06-5510, 2008 WL 2156718, at * 11 (E.D. Pa. May 22,

2008) (relying on <u>Athlone</u>, 746 F.2d at 984).  Rather, courts should "take a broad view of what constitutes identity of causes of action."  <u>Athlone</u>, 746 F.2d at 984.

Here, the only question before the Court is whether Ray's current suit is based on the same cause of action as the earlier suit.[5]  The Court concludes that it is.

First, with respect to the conduct complained of, Federal argues that despite "textual variances," there is "startling similarity" between Ray's averments.  In both matters, Ray alleges that Federal employed fraudulent communications and deceptive practices to deny his insurance claim.  (<u>See</u> Def.'s

---

[5]     To the extent Ray suggests that the Court's May 10, 2007 decision in Ray I was not a final judgment because it was "without prejudice", his argument is without merit.  (<u>See</u> Pl.'s Reply to Def.'s Mtn. to Dismiss, doc. no. 8; <u>see also</u> Pl.'s Amendment to Reply to Def.'s Mtn. to Dismiss, doc. no. 9.) First, the Court did not dismiss Ray's original complaint because of a defect in the pleadings, but rather it granted summary judgment to Federal as a matter of law.  Second, for the purposes of issue or claim preclusion, an order dismissing a claim without prejudice becomes final and appealable "if the plaintiff cannot amend or declares his intention to stand on his complaint." <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976); <u>see also</u> <u>Garber v. Lego</u>, 11 F.3d 1197, 1198 n.1 (3d Cir. 1993) (finding that plaintiff had declared an intention to stand on his complaint where his appellate briefing "did not discuss the possibility of a further amendment to the complaint").  Had the Court dismissed Ray's complaint, his decision to appeal that order to the Court of Appeals would constitute a declaration to "stand on his complaint."  Thus, the Court's May 10, 2007 order in Ray I was final for the purposes of the claim and issue preclusion analysis.

Mtn. to Dismiss at 5, doc. no. 7.)  For example, Ray's first
complaint accused Federal of sending the Pennsylvania Insurance
Commission false information, while the second complaint refers
more generally to "multiple acts of deceit."  (<u>Id.</u> at 7.)  Ray
disputes this characterization, arguing that his current
complaint "raises the issue whether or not Federal engaged in a
campaign of deceptive and fraudulent business practices, not
whether or not my preexisting condition did or did not have a
direct bearing on the disability."  (11/18/08 Hr'g Tr. 7:19-23.)

        As an initial matter, Ray's argument ignores the
Court's earlier ruling that although his original suit "<u>should
have been</u> a simple case involving the 'cause' of" his disability,
at Ray's own insistence, it actually explored numerous other
issues, including "all of Ray's allegations of wrongdoing."  <u>Ray</u>,
2007 WL 1377645 at *2 n.2 & *3 (emphasis added).  Moreover, at a
November 18, 2008 hearing, Ray defended his current suit by
relying on allegedly deceptive conduct by Federal that was
unquestionably addressed by the Court in Ray I.[6]  (<u>Compare</u>

---

[6]     For example, at a February 15, 2006 hearing before
Magistrate Judge Reuter in Ray I, Ray argued that a "May 9th
letter" from Federal to the Pennsylvania Insurance Commission was
a forgery.  Specifically, Ray claimed that the May 9th letter
contained an error and that Federal's attempt to correct the
error in a subsequent letter failed because "the only thing they
apologize for is the doctor's name and the hospital's name, but
not the false conclusions . . . . the referred-to forgery is this
letter I'm holding right here."  (2/15/06 Hr'g Tr. 37:14-38:1.)
At a November 18, 2008 hearing regarding the instant motion to
dismiss, Ray again argued that "The letter of May 9th which is a
total fabrication . . . To this very day the Pennsylvania

11/18/08 Hr'g Tr. 8-10 (discussing Federal's allegedly false representation to the Pennsylvania Insurance Commission in a May 9th letter, with 2/15/06 Hr'g Tr. 37 (discussing same).)   Thus, the Court concludes that the "conduct complained of" in both of Ray's suits is essentially the same.

Second, the Court considers whether Ray asserts the same theory of recovery in both actions.  This factor appears to weigh in Ray's favor because Ray's first complaint asserted a claim for breach of contract, while his second complaint asserts various claims related to fraud.  This factor, however, is not dispositive.  See Sheridan, 2008 WL 2156718 at * 11 (noting that the "theory of recovery" factor is not dispositive and that the other three factors should be the "'focal points'" of the Court's analysis); see also Athlone, 746 F.2d at 984.

Third, the Court examines " whether the witnesses and documents necessary at trial" would be the same in both actions. Here, Ray has acknowledged that, if permitted to proceed to a jury trial, he will call "some of the previously called witnesses."  (Pl.'s Reply to Def.'s Mtn. to Dismiss, doc. no. 8.) Moreover, at the November 18, 2008 hearing, Ray confirmed that the allegedly "forged documents" at issue in his current suit

---

Insurance Commission believes that my complaint was totally meritless, and that the letter sent to them by Federal Insurance was a factual letter . . . That is called fabricated evidence." (11/18/08 Hr'g Tr. 9:25-10:8.)

were previously before the Court as exhibits to his "original summary judgment." (See 11/18/08 Hr'g Tr. 14:12-18.) Given that the Third Circuit has approved the application of claim preclusion where "plaintiff would 'inevitably call the same witnesses and present exactly the same evidence in this second action,'" this factor also weighs in favor of dismissing Ray's complaint. Gregory v. Chehi, 843 F.2d 111, 117 (3d Cir. 1988) (quoting Helmig v. Rockwell Mfg. Co., 389 Pa. 21, 30 (1957)).

Finally, the Court considers whether the same "material facts" are alleged in both actions. Ray concedes that his second complaint alleges facts that were at issue in Ray I, but argues that this should not bar his "current charges" against Federal because the Court previously held that Ray's allegations relating to Federal's misconduct were "irrelevant and immaterial" to his breach of contract claim. (See Pl.'s Reply to Def.'s Mtn. to Dismiss, doc. no. 8.) This argument is insufficient to save Ray's complaint. While the Court did characterize Ray's earlier allegations regarding Federal's alleged misconduct as "unsubstantiated finger-pointing" and "tangential" to his earlier suit, it also "thoroughly investigat[ed]" all of these claims before concluding that they had no merit. Ray, 2007 WL 1377645 at *2 n.2 & *3; see also id. at *2 (noting that Ray's "unfounded objections" regarding Federal's misconduct "precipitated detailed monitoring of [his] case by the Court"). Put simply, the record

does not support Ray's claim that his second complaint against
Federal presents "a separate issue and a separate set of
evidentiary material."  (11/18/08 Hr'g Tr. 18:16-17.)

For all of the foregoing reasons, the Court concludes
that Ray's current claims against Federal are barred by the
doctrine of claim preclusion.


B.   Issue Preclusion

Under the narrower doctrine of issue preclusion (or
collateral estoppel) a party is barred from "relitigating a
matter that has been litigated and decided."  Athlone, 746 F.2d
at 983 n.4; see also Purter v. Heckler, 771 F.2d 682, 690 n.5 (3d
Cir. 1985 ) (noting that issue preclusion "was intended to be a
more narrow application of res judicata").  Issue preclusion
applies where (1) the issue decided in the previous action is
identical to the one presented in the later action, (2) the
previous action resulted in a final judgment on the merits, (3)
the party against whom collateral estoppel is asserted was either
a party to the previous action, or is in privity with a party to
the previous action, and (4) the party against whom collateral
estoppel is asserted had a full and fair opportunity to litigate
the issue in the previous action.  See Jones v. United Parcel
Service, 214 F.3d 402, 405 (3d Cir. 2000).

Again, only one prong of the test for issue preclusion

is disputed:  whether the issue decided in Ray's previous action against Federal is identical to the one presented in the instant action.  As discussed above, even viewing the complaint in the light most favorable to Ray, it is not difficult to conclude that it presents claims of alleged misconduct by Federal that are identical to the ones considered and rejected by this Court in Ray I.  Thus, Ray's current claims against Federal are also barred by the doctrine of issue preclusion.

IV.  CONCLUSION

For these reasons, Defendant's motion to dismiss shall be granted.  Plaintiff's motion for summary judgment will be denied as moot.  An appropriate order will issue.[7]

---

[7]     Ray will not be given leave to amend his complaint. Permitting an amendment here would be futile because any such amendment would not enable the complaint to "withstand a renewed motion to dismiss."  Jablonski v. Pan American World Airways, Inc., 836 F.2d 289, 292 (3d Cir. 1988).

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE E. RAY,              :    CIVIL ACTION
                           :    NO. 08-1807
         Plaintiff,        :
                           :
      v.                   :
                           :
FEDERAL INSURANCE CO./CHUBB, :
                           :
         Defendant.        :
```

<u>**O R D E R**</u>

      **AND NOW,** this **18th** day of **December, 2008,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Defendant's motion to dismiss (doc. no. 7) is **GRANTED.** All of Plaintiff's claims as to Defendant are hereby **DISMISSED with prejudice.**

      **IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (doc. no. 10) is **DENIED as moot.**

      **AND IT IS SO ORDERED.**

                           **S/Eduardo C. Robreno**
                           **EDUARDO C. ROBRENO, J.**